UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Melvin Nathan Beltre, Noe Ville Rios, Alfredo Rodriguez, and Jesus Torres Angulo,<br><br><br>*Defendants.* | **Protective Order**<br><br>**21 Cr. 155 (JGK)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

**WHEREAS**, the Government has made and will make disclosure to the defendants of non-public documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case, all of which will be referred to herein as "disclosure material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material may be disclosed by counsel to:

   (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

   (b) Prospective witnesses and their counsel for purposes of defending this action.

3. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation or by consent from the Defendants, from various computers, cell phones, and other devices and storage media. Among the seized ESI, the Government has obtained cellphones seized incident to the arrest of the Defendants (the "Defendants' Cellphones").

2

If all counsel consent, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of the Defendants' Cellphones; the defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense; and they shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

6. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, consistent with the Rules of Professional Responsibility, within a reasonable time following the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If the disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

3

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: _____[signature]_____  Date: ___3/8/2021_____
Rushmi Bhaskaran
Assistant United States Attorney

By: __Robert M. Baum_____  Date: 3/22/2021
Robert Baum, Esq.
Counsel for Melvin Nathan Beltre

By: _____  Date: _____
Jocelyn Strauber, Esq.
Counsel for Noe Villa Rios

By: _____  Date: _____
Esere Onaodowan, Esq.
Counsel for Alfredo Rodriguez

By: _____  Date: _____
Dawn Cardi, Esq.
Counsel for Jesus Torres Angulo


SO ORDERED:

Dated: New York, New York
       March 26, 2021

                                          /s/ John G. Koeltl
                                 _____
                                 THE HONORABLE JOHN G. KOELTL
                                 UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney

By: _____      Date: _____3/8/2021_____
    Rushmi Bhaskaran
    Assistant United States Attorney


By: _____      Date: _____
    Robert Baum, Esq.
    Counsel for Melvin Nathan Beltre

By: _____      Date: ____3/23/2021_____
    Jocelyn Strauber, Esq.  (by BWJ)
    Counsel for Noe Villa Rios

By: _____      Date: _____
    Esere Onaodowan, Esq.
    Counsel for Alfredo Rodriguez

By: _____      Date: _____
    Dawn Cardi, Esq.
    Counsel for Jesus Torres Angulo


SO ORDERED:

Dated: New York, New York
        _____, 2021

                                                  _____
                                                  THE HONORABLE JOHN G. KOELTL
                                                  UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: _____  Date: ____3/8/2021_____
    Rushmi Bhaskaran
    Assistant United States Attorney


By: _____  Date: _____
    Robert Baum, Esq.
    Counsel for Melvin Nathan Beltre

By: _____  Date: _____
    Jocelyn Strauber, Esq.
    Counsel for Noe Villa Rios

By: _____  Date: _____3/22/2021_____
    Esere Onaodowan, Esq.
    Counsel for Alfredo Rodriguez

By: _____  Date: _____
    Dawn Cardi, Esq.
    Counsel for Jesus Torres Angulo


SO ORDERED:

Dated: New York, New York
        _____, 2021

                                    _____
                                    THE HONORABLE JOHN G. KOELTL
                                    UNITED STATES DISTRICT JUDGE

4

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: _____  Date: ___3/8/2021___
    Rushmi Bhaskaran
    Assistant United States Attorney

By: _____  Date: _____
    Robert Baum, Esq.
    Counsel for Melvin Nathan Beltre

By: _____  Date: _____
    Jocelyn Strauber, Esq.
    Counsel for Noe Villa Rios

By: _____  Date: _____
    Esere Onaodowan, Esq.
    Counsel for Alfredo Rodriguez

By: _____  Date: 3/18/2021
    Dawn Cardi, Esq.
    Counsel for Jesus Torres Angulo

SO ORDERED:

Dated: New York, New York
    _____, 2021

                                                                                  THE HONORABLE JOHN G. KOELTL
                                                                                  UNITED STATES DISTRICT JUDGE

4