UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Melvin Nathan Beltre, Noe Ville Rios, Alfredo Rodriguez, and Jesus Torres Angulo,<br><br>*Defendants.* | **Protective Order**<br><br>**21 Cr. 155 (JGK)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **"Sensitive" Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains sensitive information. The Government believes in good faith that such sensitive disclosure material should be reviewed by

the defendants only in the presence of counsel. The Government further believes in good faith that the defendants should not maintain, retain, or keep copies of any records containing such sensitive disclosure material outside the presence of counsel. In the event that defense counsel disagrees about the Government's designation of material as sensitive disclosure material, counsel for the objecting party and the Government shall meet and confer in an effort to resolve such dispute. However, the Government's designation of material as sensitive disclosure material shall be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the defendants or their counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Counsel may disclose disclosure material that is not designated as "sensitive" to the defendants; personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this case; and prospective witnesses and their counsel for purposes of defending this case.

5. Counsel may disclose sensitive disclosure material to the defendants only for the defendants' review in the presence of counsel for purposes of defending this case. The defendants shall not maintain, retain, or keep copies of any records containing sensitive disclosure material

2

outside the presence of counsel. Counsel may otherwise disclose sensitive disclosure material only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this case; and prospective witnesses and their counsel for purposes of defending this case.

6. Counsel shall provide a copy of this Order to any individual or entity to whom counsel discloses sensitive disclosure material.

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

9. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation or by consent from the Defendants, from various computers, cell phones, and other devices and storage media. Among the seized ESI, the Government has obtained cellphones seized incident to the arrest of the Defendants (the "Defendants' Cellphones"). If all counsel consent, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of the Defendants' Cellphones; the defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or

3

retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense; and they shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

10. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, consistent with the Rules of Professional Responsibility, within a reasonable time following the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If the disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

**Retention of Jurisdiction**

12. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: _____          Date: _____5/14/2021_____
Rushmi Bhaskaran
Assistant United States Attorney

By: _____          Date: _____05/25/2021_____
Mitchell Elman, Esq.
Counsel for Melvin Nathan Beltre

By: _____          Date: _____
Jocelyn Strauber, Esq.
Counsel for Noe Villa Rios

By: _____          Date: _____
Esere Onaodowan, Esq.
Counsel for Alfredo Rodriguez

By: _____          Date: _____
Dawn Cardi, Esq.
Counsel for Jesus Torres Angulo

SO ORDERED:

Dated: New York, New York
       5/26      , 2021

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

5

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: _[signature]_                     Date: 5/14/2021
Rushmi Bhaskaran
Assistant United States Attorney


By: _____    Date: _____
Mitchell Elman, Esq.
Counsel for Melvin Nathan Beltre

By: _[signature]_ by BKS              Date: 5/20/2021
Jocelyn Strauber, Esq.
Counsel for Noe Villa Rios

By: _____    Date: _____
Esere Onaodowan, Esq.
Counsel for Alfredo Rodriguez

By: _____    Date: _____
Dawn Cardi, Esq.
Counsel for Jesus Torres Angulo


SO ORDERED:

Dated: New York, New York
           _____, 2021

                                            THE HONORABLE JOHN G. KOELTL
                                            UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: _____[signature]_____  Date: ___5/14/2021___
Rushmi Bhaskaran
Assistant United States Attorney


By: _____  Date: _____
Mitchell Elman, Esq.
Counsel for Melvin Nathan Beltre

By: _____  Date: _____
Jocelyn Strauber, Esq.
Counsel for Noe Villa Rios

By: _____[signature]_____  Date: ___5/19/2021___
Esere Onaodowan, Esq.
Counsel for Alfredo Rodriguez

By: _____  Date: _____
Dawn Cardi, Esq.
Counsel for Jesus Torres Angulo


SO ORDERED:

Dated: New York, New York
       _____, 2021

                                    _____
                                    THE HONORABLE JOHN G. KOELTL
                                    UNITED STATES DISTRICT JUDGE

5

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: _____  Date: __5/14/2021__
Rushmi Bhaskaran
Assistant United States Attorney

                                  Date: _____

By: _____
Mitchell Elman, Esq.
Counsel for Melvin Nathan Beltre
                                  Date: _____

By: _____
Jocelyn Strauber, Esq.
Counsel for Noe Villa Rios
                                  Date: _____

By: _____
Esere Onaodowan, Esq.
Counsel for Alfredo Rodriguez
                                  Date: _____
By: _____
Dawn Cardi, Esq.
Counsel for Jesus Torres Angulo


SO ORDERED:

Dated: New York, New York
       _____, 2021

                                  _____
                                  THE HONORABLE JOHN G. KOELTL
                                  UNITED STATES DISTRICT JUDGE

5